IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                              Case No. 1:24-cr-10010

CZAR ANTHONY PERRY                                            DEFENDANT

## <u>ORDER</u>

Before the Court is the government's Unopposed Motion for a Protective Order.  ECF No. 20.  The government seeks a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), to allow for the quick and efficient fulfillment of "discovery obligations while protecting important privacy interests implicated by sensitive information that the [g]overnment intends to produce."  ECF No. 20, at p. 1.  The government informs the Court that Defendant does not oppose the instant motion.  *Id.*

Upon review, the Court finds that good cause for the instant motion has been shown.  Accordingly, the government's Unopposed Motion for a Protective Order (ECF No. 20) is hereby **GRANTED**.  The protective order is as follows:

1.  Any and all discovery materials produced to the Defendant shall be reviewed only by (i) the Defendant, (ii) counsel of record for the Defendant, (iii) employees of such attorney(s), (iv) a photocopying or data processing service to whom it is necessary that the Defendant show the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, (v) witnesses or potential witnesses for the defense, and (vi) defense experts or defense investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter.

2.    Duplicates of the materials may only be retained by: (i) counsel of record for the Defendant, (ii) employees of such attorney(s), (iii) a photocopying or data processing service to whom it is necessary that the defense show the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, and (iv) defense experts or defense investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter. The Defendant shall not retain the materials or their duplicates.

3.    The Defendant and their counsel shall use the discovery materials and their contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, and for no other purposes. No additional copies or duplicates of the discovery materials shall be made, except as necessary for those purposes.

4.    The substance of any discovery materials provided to, or made available for review by, defense counsel shall not be disclosed or related to any person other than (i) the Defendant, (ii) counsel of record for the Defendant, (iii) employees of such attorney(s), (iv) a photocopying or data processing service to whom it is necessary that the defense counsel show the materials for the purposes of preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter, (v) witnesses or potential witnesses for the defense, and (vi) defense experts or defense investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this matter.

5.    Before first disclosing discovery material or its contents to any of the individuals or entities listed above, the Defendant and their counsel must provide the authorized person with a copy of this Order.

6.    The Defendant shall treat personal identifying information from discovery as "constructively redacted" and shall not use or disseminate such information without agreement from the Government or approval from the Court.

7.    Within 60 days of the conclusion of these proceedings (if any) and any direct appeal (if any) from or collateral attack (if any) upon these proceedings, all discovery material disclosed by the

Government and any duplicates thereof provided to any person by the defense shall be (i) returned to the Government, or (ii) collected and destroyed by defense counsel, unless the Court gives specific permission for an exception to this requirement.

8.   This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability or admissibility of any material.

**IT IS SO ORDERED**, this 21st day of June, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

3